**Anthony BREWER, Petitioner–Appellant,**

v.

**John NASH, Warden FCI Ray Brook, Respondent–Appellee.**

No. 00–2269.

United States Court of Appeals, Second Circuit.

March 16, 2001.

Anthony Brewer, FCI Ray Brook, Ray Brook, NY, pro se.

Barbara D. Cottrell Assistant, United States Attorney for the Northern District of New York, NY, for appellee.

Present MESKILL, PARKER, and KATZMANN, Circuit Judges.

SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of said district court be and it hereby is REMANDED.

On February 7, 2000, Anthony Brewer filed a 28 U.S.C. § 2241 petition in the United States District Court for the Northern District of New York. In a decision and order dated March 29, 2000, the district court dismissed the petition, after having determined that a 28 U.S.C. § 2255 motion was not inadequate or ineffective to test the legality of Brewer's detention, and thus that Brewer "may not utilize [s]ection 2241 as a means of seeking relief." *Brewer v. Nash*, No. 00–CV–0227, 2000 WL 1373135, at *3 (N.D.N.Y. March 29, 2000). The district court found that "serious constitutional questions" would not be raised by the dismissal of Brewer's § 2241 petition because the claims presented therein "have already been considered by the sentencing court and the Second Circuit and found to be without merit." *Id.* at *2.

Accordingly, the district court entered judgment against Brewer on March 30, 2000. At some point over the following seventeen days, Brewer filed a motion for reconsideration with the district court. The district court acknowledged receipt of Brewer's motion on April 24, 2000. On May 4, 2000, before the district court ruled on his motion for reconsideration, Brewer filed notice of his appeal from the order and judgment dismissing his § 2241 petition.

Before addressing the propriety of the district court's dismissal of Brewer's § 2241 petition, we must determine whether Brewer's notice of appeal effectively appealed the district court's March 30 judgment. The government asserts that Brewer's notice of appeal is untimely because it was filed more than 30 days after entry of judgment in the district court.

Federal Rule of Appellate Procedure 4(a)(4)(B)(i) governs the effect of a pending motion for reconsideration before the district court on a notice of appeal. Under that rule, "[i]f a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)—the notice becomes effective to appeal a judgment or order ... when the order disposing of the last such remaining motion is entered." Federal Rule of Appellate Procedure 4(a)(4)(B)(i). Brewer's motion for reconsideration, which should be construed as either a Rule 59 motion to alter or amend a judgment or a Rule 60 motion for relief from judgment, is among those listed in Rule 4(a)(4)(A). Because the district court has not disposed of Brewer's motion for reconsideration, Brewer's notice of appeal has not become effective. Thus, we remand the case to the district court for a ruling on Brewer's motion for reconsideration. Brewer's May 4, 2000 notice of appeal will automatically become effective upon the district court's entry of an order disposing of Brewer's motion.

For the reasons set forth above, the judgment of the district court is RE-MANDED.